UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAINT-GOBAIN CONTAINERS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:05-cv-1534-JDT-WTL |
| ) | |
| HORNELL BREWING CO., INC., ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON MOTION TO COMPEL**

This cause is before the Magistrate Judge on the Defendant's Motion to Compel (dkt. #121). The motion is fully briefed, and the Magistrate Judge, being duly advised, **DENIES** the motion for the reasons set forth below.

At issue in the instant motion is whether Plaintiff Saint-Gobain Containers, Inc. ("SGCI") may be compelled to produce for deposition Jerome Fessard, an employee of Compaignie de Saint-Gobain ("CSG"), a French company that is related to SGCI, and Jean-Louis Balouzet and Theirry Fournier, employees of another related French Company, Societe de Participations Financieres et Industrielles ("SGE").[1]  All three (collectively referred to hereafter as "the French employees") reside in France and have declined to accept service of deposition notices or subpoenas served on SGCI's counsel, who do not represent them.

Defendant Hornell Brewing Co., Inc. ("Hornell") argues in its initial brief that SGCI is required to produce the French employees for deposition because they are under SGCI's "control," inasmuch as all three corporations are part of the "Saint-Gobain Group" and the French employees "played important roles in the transactions at issue in the present case."  Perhaps recognizing the

---

[1]Specifically, CSG is the parent company of SGE; SGE is the parent company of Saint-Gobain Delaware Corporation; Saint-Gobain Delaware Corporation is the parent company of Plaintiff SGCI.

weakness of this argument, in its reply brief Hornell argues instead that the French employees are "managing agents" of SGCI and therefore must be produced for deposition upon notice to SGCI. Hornell bases its argument on the fact that the CEO of SGCI, Joseph Grewe, reports to Mr. Fessard regarding certain issues and discussed with him the pricing changes and surcharges that are the focus of this lawsuit. However, Mr. Grewe's deposition testimony makes it clear that it was Mr. Grewe, not Mr. Fessard or the other French employees, who had final decisionmaking authority over the contract with Hornell and the events out of which this case arises and that any conversations he had with Mr. Fessard about those events were in the nature of keeping him informed rather than seeking his approval. The fact that SGCI keeps its ultimate parent informed of its business activities is hardly surprising, and if that alone were enough to make the French employees "managing agents" of SGCI, it is difficult to imagine and parent-subsidiary relationship in which the subsidiary would not have to produce its parent's executives for deposition. More is required, however, and Hornell has not demonstrated that the French employees had the type of involvement and exercised the type of control over the events relevant to this case to qualify them as managing agents of SGCI.

       Indeed, Hornell has not cited to any case in which a deposition has been compelled under circumstances analogous to the instant situation. The closest case cited is *Alcan Intern. Ltd. v. S.A. Day Mfg. Co., Inc.,* 176 F.R.D. 75 (W.D.N.Y. 1996); however, in that case, the deponent in question was found to have "direct knowledge about . . . information relevant to the claims and counterclaims in this case and unavailable from any other source." In this case, conversely, even if the French employees could be considered managing agents of SGCI it appears that any knowledge they have came from Mr. Grewe, who has already been deposed, or otherwise from SGCI, and therefore would be cumulative of discovery that already has been conducted.

       For the reasons set forth above, the Court determines that there is no basis to order SGCI to

produce the French employees for deposition.  Accordingly, Hornell's motion to compel is

**DENIED**.

       SO ORDERED:   11/03/2006

                                                   Hon. William T. Lawrence, Magistrate Judge
                                                   United States District Court
Copies to:                                        Southern District of Indiana

Tracy Nicole Betz
SOMMER BARNARD ATTORNEYS
tbetz@sommerbarnard.com

David C. Campbell
BINGHAM MCHALE LLP
dcampbell@binghammchale.com

Sonia S. Chen
BINGHAM MCHALE
schen@binghammchale.com,jjones@binghammchale.com

James R. A. Dawson
SOMMER BARNARD ATTORNEYS, PC
jdawson@sommerbarnard.com

James M. Hinshaw
BINGHAM MCHALE LLP
jhinshaw@binghammchale.com

Debra McVicker Lynch
SOMMER BARNARD PC
dlynch@sommerbarnard.com,shicks@sommerbarnard.com

Jeffery M. Mallamad
BINGHAM MCHALE
jmallamad@binghammchale.com

Jonathan G. Polak
SOMMER BARNARD ATTORNEYS, PC
jpolak@sommerbarnard.com